IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–03040–PAB–KMT

FRANKE SINKER, an individual,

    Plaintiff/Counter-Defendant,

v.

THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, a Connecticut corporation,

    Defendant/Counter-Plaintiff.

---

# ORDER

---

This matter is before the court on Plaintiff's "Motion to Compel Compliance with Court Order to Produce Claims Handling and Training Procedures Manual." [("Motion"), Doc. No. 64.] Defendant has responded in opposition to the Motion, and Plaintiff has replied. [("Response"), Doc. No. 73; ("Reply"), Doc. No. 74.] In the Motion, Plaintiff seeks production of Defendant's "claims handling and training procedures manual . . . to the extent discussed in court" during an April 27, 2021 hearing. [Mot. 2; *see* Doc. No. 31.] Plaintiff also seeks reimbursement, pursuant to Federal Rule of Civil Procedure 37, for his "expense of conferrals, the present Motion and [the] reply." [Reply 6.] The court disagrees with both parts of Plaintiff's request, and therefore, the Motion is DENIED.

The allegations in this insurance case are not just the usual, *i.e.,* that the defendant insurance company mishandled a storm damage claim, failed to fully compensate the plaintiff

under the policy, and acted in bad faith while so doing. Here, in addition, Plaintiff Franke Sinker ["Plaintiff," or "Mr. Sinker"] apparently invoked his rights under the policy, with the agreement of his insurer, Defendant The Travelers Home and Marine Insurance Company ["Defendant," or "Travelers"], to an appraisal by two independent appraisers. [("Complaint"), Doc. No. 4 at ¶¶ 14-15; Resp. 4.] Each side picked their own appraiser. [April 27, 2021 Hearing Transcript ("Transcript"), Mot. Ex. 1 at 8:20-22.] An appraisal award was executed by both appraisers. [Scheduling Order, Doc. No. 20 at 5.] Travelers thereafter paid the actual cash value of the appraisal award. [*Id.*] Mr. Sinker now alleges:

> Travelers, however, unreasonably failed to properly investigate the claim; if it had done so, Travelers would have discovered that Mr. Sinker's purported appraiser, Matthew Broughton, had been fired over a month before the appraisal report issued, and that the appraisers report was manifestly backdated after termination of the relationship between Mr. Sinker and Mr. Broughton.

[Compl. ¶ 16.] This allegation is denied by Travelers. [("Amended Answer"), Doc. No. 41 at 5.]

Under these circumstances, Defendant's claim handling procedures and training manuals on the proper and appropriate handling of claims involving storm damage to property, in their entirety, are not relevant. What *are* relevant, however, are the training and claim handling procedure manuals pertaining to claims wherein the parties have agreed to engage in a contractually provided appraisal process. Because of the nature of the allegations, such guidelines, procedures, and training should include not *just* those relating to the appraisal process, but also those concerning the protocol to be followed in the event the appraisal process becomes tainted by some sort of irregularity. [*See* Tr. 21:23-22:8 ("[Plaintiff] has a right to see the claims-handling procedures that would apply and what they say about an appraisal process that's valid versus – what do you – what does a claims adjustor do if there is an invalid one[]"

2

and "the claims manuals give some guidance of what to do when there's something wrong in the appraisal process and so I think they're entitled to see that").] In the face of Plaintiff's demand that all claims handling procedures and training manuals be provided, the court required, instead, that Defendant produce such materials relating to "storm-type related property damage and residential properties in Colorado," the appraisal process in general, and also those materials addressing what an adjustor would be expected to do if an appraisal process was tainted or otherwise unsuccessfully completed.[1]  [*Id.* at 22:13-21.]

Because there were outstanding requests for documents which were not technically part of the court's April 27, 2021 order, the court made production due on May 19, 2021, the same date on which responses to outstanding Interrogatories 5, 9, and 10 were due.  On the due date, Travelers produced one page of the "Knowledge Guide" under the heading, "Appraisal."  [Mot. Ex. 4.]  Defendant alleges that discovery in the case was subsequently informally halted, on or about August 20, 2021, while the parties tried to settle.  [Resp. 1-2.]  Plaintiff does not refute this, and the record shows that the parties jointly moved for an extension of discovery deadlines

---

[1] At the April 27, 2021 hearing, in response to a question posed by Defendant's counsel, the court unfortunately muddied what was otherwise a clear directive to Defendant, as set forth herein.  [*See* Tr. 24:12-24.]  For that reason, the court does not criticize Plaintiff for afterward seeking a broader scope of production than that intended by the court.  But, as reiterated by the court in the discussion immediately preceding counsel's question, the court's intent was to be sure that Plaintiff received information directly or indirectly related to the appraisal process, including guidelines about what a claims handler should do if an appraisal was agreed upon, and what to do if, once the appraisal process was begun, *it was not successfully concluded*.  The court was concerned that simply providing the guidelines in place to handle a claim proceeding under the appraisal option would fall short of addressing the "not successfully concluded" occurrences and how those cases should proceed post-appraisal.  The court did not intend to open the floodgate to all claims handling training and procedure manuals; in fact, the court stated, that allowing some discovery into the most relevant aspects of general claims handling would "kind of keep it cabined to what's really important."  [*Id.* at 28:12-13.]

twice, and that Plaintiff sought an extension of his deadline to respond to Defendant's counterclaims. [Doc. Nos. 32, 36, 42.] On July 14, 2021, Plaintiff's counsel moved to withdraw from the case, and Mr. Sinker himself requested additional time for discovery. [Doc. Nos. 46, 50.] The parties later requested judicial mediation with an aim toward settling the case, which was later withdrawn, on or about August 17, 2021. [Doc. Nos. 58, 61.]

Plaintiff, through counsel, did not raise the issue of his failure to receive the claims handling and procedure manuals (as limited by the court during the April 27, 2021 hearing) until August 23, 2021, when counsel re-opened conferral. [Resp. 2.] By August 31, 2021, only five business days later, counsel for Defendant had agreed to produce supplementary materials, but asked for additional time. [*Id*.] Having not received additional material in the intervening two days, Plaintiff filed the instant Motion on September 3, 2021. Defendant asserts that it produced additional material, in compliance with the court's order, on September 10, 2021.[2] [*Id*.]

Federal Rule of Civil Procedure 37(a)(5), which governs the award of fees and expenses associated with a motion to compel, provides, in pertinent part, as follows:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>   (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
>   (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

---

[2] Plaintiff acknowledges that he received a "heavily redacted" claims handling and procedures manual from Defendant. [Reply 3 n.1.]

      (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

      First, the Motion here is not granted. Plaintiff is under the mistaken belief that the court's order was for Defendant to produce all claims handling procedures involving property damage claims in general. This is not what the court's order intended. At this point, the court is unsure whether Defendant has or has not produced guidelines and manuals limited to claims for storm-type related property damage and residential properties in Colorado, which concern not only the appraisal process in general, but also those addressing what an adjustor would be expected to do if an appraisal process was unsuccessfully completed for any reason. Given the status of the litigation from May 19, 2021 through August 17, 2021, the court sees no bad faith delay, nor any attempt to dodge compliance with the court's April 27, 2021 order during that time period. Therefore, an award of expenses would be both unjustified and unjust.

      Rule 37(a)(5) further specifies:

> If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B). While the Motion is denied at this time, the court finds that Plaintiff was substantially justified in bringing the Motion, given the lack of clarity (albeit, to an extent purposeful to provide the maximum discovery to Plaintiff of potentially relevant material) of the court's oral ruling at the hearing. An award of expenses against Plaintiff would be unjust under these circumstances.

      Accordingly, it is

**ORDERED** that the "Motion to Compel Compliance with Court Order to Produce Claims Handling and Training Procedures Manual" (Doc. No. 64) is **DENIED**.

Dated November 30, 2021.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge